UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAHSIR DAHIR, an individual, and ) 
FARDOWSA HAJI, an individual ) CASE NO. C15-1688RSM
)
Plaintiffs, )
) ORDER GRANTING PLAINTIFFS'
v. ) MOTION TO REMAND
)
GEICO INDEMNITY COMPANY, a )
foreign insurance company, )
)
Defendant. )

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Remand.  Dkt. #3. Plaintiffs argue that this Court lacks jurisdiction because the requisite amount in controversy for diversity jurisdiction cannot be shown by Defendant.  *Id.*  Plaintiffs further argue that it was clear on the face of the Complaint that the requisite amount in controversy could not be met, and therefore there was no reasonable ground for removal.  As a result, they argue they are entitled to attorney's fees for this motion.  *Id.*  Defendant has failed to file a timely response to the motion.[1]   The Court has reviewed Plaintiffs' Complaint and Defendant's Notice of

_____

[1]  Defendant filed its response on Friday, December 11th.  However, in accordance with Local Civil Rule 7, Defendant's response was due Monday, December 7, 2015.  LCR 7(d)(3). Defendant has failed to seek permission to file an untimely brief or provide an explanation as to its late timing.  Accordingly, the Court will not consider the Response and deems the motion unopposed.

ORDER
PAGE - 1

Removal, along with Plaintiffs' briefing. For the reasons set forth herein, the Court agrees with Plaintiffs, REMANDS this matter back to King County Superior Court, and GRANTS Plaintiffs' request for their attorney's fees associated with this motion.

## II.   BACKGROUND

On August 24, 2015, Plaintiffs filed an insurance coverage action in King County Superior Court against Defendant. Dkt. #1-1. In their Complaint, Plaintiffs allege that Defendant failed to adequately compensate them under their Underinsured Motorist coverage. Dkt. #1-1 at ¶ ¶ 3.1-4.7. As a result, Plaintiffs filed the instant lawsuit alleging breach of contract and bad faith claims. *Id.* at ¶ ¶ 5.1-6.7. Through their suit, Plaintiffs seek the following relief:

    A.  Specific performance of the contract and payment of the policy limits to Plaintiffs.

    B.  Enter judgment in favor of the Plaintiffs declaring GEICO's denial of coverage under Plaintiffs' automobile insurance policy in regard to the May 29, 2014, collision was done in bad faith.

    C.  Interest calculated at the maximum amount allowable by law, including prejudgment interest.

    D.  Attorney's fees and costs.

    E.  Such other damages as are appropriate following discovery.

    F.  Such other relief as the Court deems just.

Dkt. #1-1 at ¶ 7.1, A-F.

## III.   DISCUSSION

### A. Subject Matter Jurisdiction

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). One basis

ORDER
PAGE - 2

for such jurisdiction is diversity, the grounds upon which Defendant removed this action to federal court. Dkt. #1. Diversity jurisdiction exists "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). When these diversity prerequisites for federal jurisdiction are met, a defendant who is not a citizen of the state where the suit was originally filed may remove the case from state to federal court. *See* 28 U.S.C. § 1441. The removal statute, however, is strictly construed against removal jurisdiction and the defendant always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (1992).

There are two legal standards that potentially apply to a defendant when he or she seeks to remove a case to federal court. The first applies where the plaintiff claims an amount in controversy on the face of his or her complaint. In those cases, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith," and thus, a defendant can generally rely on that sum when removing a case to federal court. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Gaus*, 980 F.2d at 566 ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.").

The second standard applies "if it is *unclear* what amount of damages the plaintiff has sought." *Gaus*, 980 F.2d at 566-67 (emphasis in original). In those cases, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). The defendant must prove that removal is proper by a preponderance of the evidence, and he or she may establish grounds for subject matter jurisdiction by putting forth

ORDER
PAGE - 3

"summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus*, 980 F.3d at 567.

When determining whether the amount in controversy is met in a diversity case, federal courts "look to state law to determine the nature and extent of the right to be enforced." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961). The focus of the inquiry is on the face of the complaint itself. *Id.*

**B. Effect of Failure to Respond**

As noted above, the Court has deemed Plaintiff's motion unopposed. Under Local Rule LCR 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court deems Defendant's untimely response as such an admission for the reasons discussed below.[2]

**C. Amount In Controversy in the Instant Matter**

The Court now finds that Defendant has failed to demonstrate by a preponderance of the evidence that the minimum amount in controversy requirement for subject matter jurisdiction is met in this case. As a basis for calculating the amount in controversy, Defendant describes several categories of alleged damages. First, Defendant notes that Plaintiffs made pre-suit demands in the amounts of $45,000 and $35,000, respectively. Dkt. #1 at ¶ 9. Defendant then notes that under Washington's Insurance Fair Conduct Act ("IFCA"), if successful, Plaintiffs would be entitled to treble damages, which Defendant calculates as $240,000. *Id.* at ¶ 10.

---

[2] The Court also notes that Defendant has failed to respond to other deficiencies with its filings in this Court, including its failure to file a civil cover sheet with its Notice of Removal and its failure to file the required Corporate Disclosure Statement. *See* Docket *Notices To Filer*, dated October 27, 2015.

ORDER
PAGE - 4

Then Defendant states that, if successful, Plaintiffs would also be entitled to statutory damages under IFCA in the amount of $25,000. *Id.* at ¶ 11. Finally, Defendant states that when adding an estimated $20,000 in attorney's fees, Plaintiffs present an amount in controversy of at least $285,000. *Id.* at ¶ 12.

The Court is not persuaded that Plaintiffs have presented such amount in controversy. First, a review of Plaintiffs' Complaint reveals that they have not alleged an IFCA claim. *See* Dkt. #1-1. Plaintiffs confirm as much in their motion.[3] Dkt. #3 at 3 (noting that Plaintiffs alleged neither an IFCA nor a Consumer Protection Act claim). Because Plaintiffs did not allege a claim under IFCA, they would also not be entitled to any statutory damages in the amount of $25,000, which Plaintiffs also expressly acknowledge. *Id.* Instead, Plaintiffs state they have demonstrated no statutory provision that would entitle them to more than the $200 in fees provided by RCW 4.84.080. Finally, whatever their pre-suit claims may have been, Plaintiffs seek only the policy limits in this case. Plaintiffs note in their motion that the policy at issue contains a provision limiting liability to $50,000 for aggregate claims. *Id.* Thus, Plaintiffs allege damages of $50,200 at the most. *Id.*

With respect to attorney's fees, Defendant has failed to submit any evidence supporting its conclusion that at least $20,000 of reasonable attorneys' fees would be incurred in this matter. Dkt. #1 at ¶ 12. For the Court to estimate any amount on the record before it would be speculative and cannot be included in the amount in controversy. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1001-02 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977-78 (9th Cir. 2013).

---

[3] Presumably, Plaintiffs are pursuing their bad faith claim under Washington's common law, separate and apart from IFCA. *See Schmidt v. Coogan*, 181 Wn.2d 661, 677, 335 P.3d 424 (2014) ("Insurance bad faith claims are often brought under common law, the [IFCA] and the [CPA]. Each of these causes of action offers unique remedies.").

ORDER
PAGE - 5

For these reasons, the Court finds that Defendant has failed to demonstrate diversity jurisdiction in this Court and the Court will remand the matter to State court.

**D. Attorney's Fees**

Plaintiffs have also sought their attorney's fees for bringing this motion in the amount of $1,575.00, asserting that Defendant had no objectively reasonable basis to remove this matter to federal court. Dkt. #3 at 5-6. Specifically, Plaintiffs note that Defendant had access to the Complaint which clearly does not allege an IFCA or other claim supporting an amount in controversy of more than $75,000. Dkt. #3 at 5-6. Plaintiffs support the request with a Declaration of Counsel setting forth the number of hours spent on this motion and his hourly rate. Dkt. #4 at ¶¶ 4-9 and Exs. 2-3 thereto.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). In this case, the Court agrees with Plaintiffs that it was objectively unreasonable to remove this matter given the nature of their Complaint. The Court further agrees that the hours and rate presented are reasonable. Accordingly the Court grants Plaintiffs' request for attorney's fees.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, Plaintiffs' motion and the supporting declaration and exhibits attached thereto, the Court hereby ORDERS:

1) Plaintiffs' Motion to Remand (Dkt. #3) is GRANTED. For the reasons discussed above, this case is REMANDED to the King County Superior Court.

ORDER
PAGE - 6

2) Plaintiffs' request for attorney's fees in the amount of $1,575.00 is also GRANTED. **No later than fourteen (14) days from the date of this Order** Defendant shall remit such amount to Plaintiff's counsel.

3) This matter is now CLOSED.

DATED this 14 day of December 2015.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7